# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHASTA UHLER,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DOREL HOME FURNISHINGS, INC.<br>and AMAZON.COM SERVICES LLC,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 3:23-cv-00467-MMA-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART JOINT MOTION TO EXTEND FACT DISCOVERY DEADLINE, and**<br><br>**(2) ISSUING FIRST AMENDED SCHEDULING ORDER**<br><br>**[ECF No. 29]** |

Before the Court is the parties' joint motion to amend the scheduling order. ECF No. 29. The parties seek an order from the Court extending the fact discovery deadline, and, as a result, all other case management deadlines, by approximately three months. *Id*.

Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); ECF No. 13 at 6 (Scheduling Order, stating that "[t]he dates set forth herein will not be modified except for good cause shown" and reiterating diligence requirement); *see also* Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, the parties have represented to the Court that they "have been diligent in their efforts to complete discovery." ECF No. 29 at 2. The parties represent that depositions of central witnesses to this action, such as Plaintiff and Defendant's corporate representatives, have not yet been taken, since the parties have not completed written discovery. *Id.* at 3. Thus, the parties "only seek a short extension"[1] of three months, to permit these depositions to occur. *Id.* at 4.

As an initial matter, the parties' motion is deficient. First, the instant motion to continue the August 25, 2023, fact discovery deadline was filed on August 21, 2023. ECF No. 29. By filing the motion four days before the date of the affected deadline, the parties failed to follow the Court's Chambers Rules. *See* Chmb.R. at 2 (requiring that "[a]ll requests for continuances must be made by a joint motion <u>no less than seven calendar days</u> before the affected date") (emphasis added).

Further, the Court has concerns about the parties' diligence. Discovery opened on March 28, 2023, after the parties' Rule 26(f) conference. ECF No. 5 at 3. The Court held an Early Neutral Evaluation Conference and Case Management Conference on

---

[1] The Court notes that the parties' have requested to add three months to a five-month fact discovery period—a sixty percent increase.

April 11, 2023. ECF No. 12 However, Defendants did not serve Plaintiff with written discovery requests until "the end of June 2023," (ECF No. 29-1 at 2), and Plaintiff did not submit FOIA requests on the U.S. Consumer Product Safety Commission until June 21, 2023 (ECF No. 29-2 at 2). Both sides' delays then adversely impacted their ability to timely take depositions. Thus, the Court required the parties to provide a supplemental status report in support of their joint motion. ECF No. 30.

In the parties' supplemental filing, they confirmed the following depositions: Plaintiff on October 4, 2023; Plaintiff's Father on October 11, 2023; Dr. Allison Marie Lynch on October 16, 2023; Dr. Xia Li on October 19, 2023; Barbara Darnell, D.V.M., on October 24, 2023; Amazon's Rule 30(b)(6) designee on November 15, 2023; and Dorel's Rule 30(b)(6) designee on November 16, 2023. ECF No. 31 at 1–2. Further, the parties represented that Defendants have responded to Plaintiff's written discovery requests, and Plaintiff will respond to Defendants' discovery requests by September 15, 2023. *Id*. at 2.

Despite the joint motion's shortcomings, in light of the case's posture and the preference of courts to decide cases on the merits, the Court finds good cause to extend the fact discovery deadline. As such, the Court **GRANTS IN PART** the joint motion (ECF No. 29) and issues the following First Amended Scheduling Order:

1. All fact discovery must be completed by all parties by **November 17, 2023**. "Completed" means that all discovery requests governed by Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be propounded sufficiently in advance of the discovery cut-off date **so that they may be completed** by that date, taking into account the time permitted in the Rules for service, notice, and responses. If any discovery disputes arise, counsel must meet and confer promptly and in good faith in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the Court. The Court expects counsel to make every effort to resolve all disputes without court intervention through the

meet-and-confer process. If the parties reach an impasse on any discovery issue, the movant must email chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a *neutral* statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard, which can be found on the district court website and at:

https://www.casd.uscourts.gov/judges/goddard/docs/Goddard%20Civil%20Pretrial%20Procedures.pdf.

2. In the parties' joint motion, they propose November 17, 2023, as the fact discovery deadline. ECF No. 29 at 5; *see id.* at 1 (the parties request that the Court "extend the deadline for completion of fact discovery from August 25, 2023, to November 17, 2023") (emphasis added). However, in their supplemental report, the parties "request November 17, 2023 as the deadline for serving written discovery to permit the parties to request additional documents and information as necessary after, and in response to, the depositions of the parties." ECF No. 31 at 2 (emphasis added). The Court reiterates that the deadline in Paragraph 1 refers to the *completion of* fact discovery. To confirm that the parties have, in fact, completed discovery, the Court **SETS** a Status Conference for **November 29, 2023** at **1:30 p.m.** *via videoconference* before the Honorable Allison H. Goddard. Court staff will send the Zoom link to counsel in advance of the conference. If either party contends that more discovery is necessary, they must submit an email to the Court (at efile_goddard@casd.uscourts.gov) by **November 27, 2023**, advising the Court of precisely what other discovery is needed and specifically demonstrate their diligence.

      3.     The parties must designate their respective experts in writing by **December 18, 2023**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts must be by **January 18, 2024**. The written designations must include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list must also include the normal rates the expert charges for deposition and trial testimony.

      4.     By **December 18, 2023**, each party must comply with the disclosure provisions in Rule 26(a)(2)(B) and (C) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures will not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

      5.     Any party must supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **January 18, 2024**.

      6.     All expert discovery must be completed by all parties by **February 15, 2024**. The parties must comply with the same procedures set forth in the paragraph governing fact discovery.

      7.     Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

//
//
//
//

8. All dispositive pretrial motions, including motions for summary judgment and motions addressing *Daubert* issues, must be filed by **April 15, 2024**.[2] Counsel for the moving party must obtain a motion hearing date from Judge Anello's law clerk. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard.

9. A Mandatory Settlement Conference will be conducted on **June 21, 2024** at **2:00 p.m.** in the chambers of Magistrate Judge Allison H. Goddard. Plaintiff must serve on Defendant a **written** settlement proposal, which must include a specific demand amount, no later than **May 28, 2024**. The defendant must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court. Counsel for the parties must meet and confer in person or by phone no later than **June 4, 2024**. Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **June 11, 2024**. The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf). Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **June 11, 2024**. The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's

---

[2] This deadline is not applicable to pretrial motions *in limine*. For further information regarding motions *in limine*, please refer to Judge Anello's Civil Chambers Rules.

Mandatory Settlement Conference Rules. All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard.

10. If appropriate, following the filing of an order ruling on a motion for summary judgment or other dispositive pretrial motion, or in the event no such motion is filed, after the expiration of the deadline set forth in paragraph 8, *supra*, Judge Anello will issue a pretrial scheduling order setting a pretrial conference, trial date, and all related pretrial deadlines. The parties must review and be familiar with Judge Anello's Civil Chambers Rules, which provide additional information regarding pretrial scheduling.

11. Should the parties not file any dispositive pretrial motions, they must notify Magistrate Judge Allison H. Goddard via email (at efile_goddard@casd.uscourts.gov) by **April 17, 2024**.

12. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

13. The dates and times set forth herein will not be modified except for good cause shown. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("the focus of the [good cause] inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.").

14. Briefs or memoranda in support of or in opposition to any pending motion must not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum will exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length must have a table of contents and a table of authorities cited.

15. Plaintiff's counsel must serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: September 1, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge